(No. 74-CV-70—)

STEVE NAGY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 23, 1975.*

STEVE NAGY, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on May 13, 1974, at the Elevated Station at Morse Avenue in Chicago. Steve Nagy seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," *Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.* (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Steve Nagy, age 50, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Aggravated Battery", (*Ill. Rev. Stat., 1973, Ch. 38, §12-4*).

2. That on May 13, 1974 at 2:00 a.m., the claimant was on his way home from work at Arnie's Restaurant. As he got off the "El" at Morse Avenue, he was accosted by three men who demanded his money. He offered them some change. One of the assailants kicked the money out

of his hand and the other two began delivering punches to his back and face. One of the assailants used a gun to beat the claimant's head. The claimant was pushed down the "El" steps and the assailants fled with his wallet. The ticket seller at the "EI" stop telephoned the police. They arrived in a matter of moments and the claimant was rushed to Edgewater Hospital.

A further and more detailed summary of the facts and information considered by the Court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter, and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon him.

4. That the criminal offense was promptly reported to law enforcement officials, and claimant has fully cooperated with their requests for assistance by viewing suspect photos. That claimant was unable to make an identification of his assailants and that no arrests have been made in connection with this criminal offense.

5. That the claimant and his assailants were not related nor sharing the same household.

6. That as the result of the attack upon him, the claimant was hospitalized from May 13, 1974, to May 21, 1974, at Edgewater Hospital where he was treated for a brain concussion, forehead laceration, and loss of teeth.

7. That all of the claimant's medical expenses were paid by Public Aid with the exception of a bill submitted by Dr. Samuel Berger for $93.00. This bill was for fol-

low-up care covering the period of June 24, 1974, to October 5, 1974. Dr. Berger refused to take the Public Aid green card.

8. That the claimant has been unemployed since the date of his injury. He and his family lived on their savings the first few months. After the savings had been exhausted, the claimant applied for and received Public Aid assistance. This assistance began four months after the injury and continues at this time. The claimant receives $385.00 a month from Public Aid.

9. That claimant's loss of earnings is computed as follows:

| | |
|---|---|
| May 13, 1974, to Sept. 22, 1974 ......................... (4 months at $500/month) | $2,000.00 |
| Sept. 22, 1974 to May 22, 1974 ......................... (8 months at $115/month—$500-$385 from Public Aid) | 920.00 |
| | $2,920.00 |

10. That based upon the calculations set forth in ¶7 and 9, claimant's pecuniary loss is:

| | |
|---|---|
| Medical ......................................... | 93.00 |
| Loss of Earnings ................................. | 2,920.00 |
| | $3,013.00 |

11. That the claimant has received no benefits or reimbursements, directly or indirectly, from any other source, nor is he entitled to such benefits from any other source, as the result of his injuries, with the exception of Public Aid benefits referred to in ¶7, 8 and 9. These Public Aid benefits have been set off against the expenses that the claimant incurred. The calculation of pecuniary loss is based upon expenses that the claimant has incurred which are in excess of the Public Aid Assistance.

12. That in determining the amount of compensation to which the applicant is entitled, the Act states that this Court shall deduct $200.

That after the statutory deduction of $200.00, the amount of compensation to which the claimant is entitled is $2,813.00.

IT IS HEREBY ORDERED that the sum of $2,813.00 be awarded the claimant, Steve Nagy, the victim of a violent crime.

IT IS FURTHER ORDERED that the sum of $999.99 (NINE HUNDRED NINETY-NINE DOLLARS AND NINETY-NINE CENTS) be paid immediately from the Court of Claims Fund to Steve Nagy as a partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $1,813.01 be referred forthwith to the General Assembly for its approval.