(No. 77-CV-0727—⬛)

*In re* APPLICATION OF JAMES L. DICKEY.

*Order filed October 7, 1981.*

JAMES L. DICKEY, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (MAUREEN CAIN, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This matter comes before the Court, for the purpose of determining whether the claim of James L. Dickey

should be dismissed, as required by section 5 of the Illinois Crime Victims Compensation Act, hereafter referred to as the Act (Ill. Rev. Stat. 1977, ch. 70 , par. 71 *et seq.*). The Court, having reviewed the file and an investigatory report of the Attorney General of Illinois, hereby finds:

1. That the Claimant's application for compensation was filed with this Court pursuant to the provisions of the Act on November 29, 1977.

2. That on June 28, 1977, the Claimant, James L. Dickey, age 39, was a victim of a violent crime as defined in section 2(c) of the Act, to wit: aggravated battery (Ill. Rev. Stat. 1977, ch. 38, par. 12—4).

3. That on June 28, 1977, the Claimant was shot for no apparent reason by an offender who was known to him. No known argument had precipitated the offender's actions. The incident occurred as the Claimant stood on the driveway at 1009 Avenue L., Sterling, Illinois. The Claimant was taken to Community General Hospital and admitted.

4. That the Claimant seeks compensation for medical/hospital expenses and loss of earnings.

5. That on July 29, 1981, pursuant to section 5 of the Act, a properly addressed notice was sent to the Claimant notifying him that he must submit the required verification needed to substantiate his claim for medical/ hospital expenses and loss of earnings within thirty (30) days from the date of receipt of the notice.

6. That the Claimant has been duly notified and has failed to submit the requested employer reports, hospital report, doctor report and hospital bill within the specified time, and therefore the Court of Claims shall reject his claim for medical/hospital expenses and loss of earnings.

7. That the Claimant has partially substantiated his claim for medical/hospital expenses. Most of the medical expenses that the Claimant has substantiated were paid by assistance provided by Coloma Township. Coloma Township assistance requires that any expenses for which an individual seeks relief be submitted within six months of the date that they are incurred. The Claimant failed to submit some of his medical expenses to township assistance within this required time for filing. As a result of his failure to file within the required time period, these expenses were denied payment by township assistance.

8. That pursuant to section 25 of the Court of Claims Act (Ill. Rev. Stat. 1977, ch. 37, par. 439.24—5), and Rule 6 of the Rules of the Court of Claims, "any person who filed a claim before the Court shall, before seeking final determination of his claim, exhaust all other remedies and sources of recovery whether administrative or legal."

9. That the Claimant, by reason of his failure to submit all of his medical expenses to township assistance in a timely fashion, has failed to exhaust other remedies and sources of recovery available to him. Therefore, he has not met a required condition precedent for compensation of these expenses under the Act.

10. That pursuant to section 7(d) of the Act, this Court must deduct $200.00 from all claims plus the amount of benefits, payments or awards payable under the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.1 *et seq.*), from local governmental, State or Federal funds or from any other source, except annuities, pension plans, Federal social security benefits and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance paid or payable to the Claimant.

11. That the Claimant has failed to show a pecuniary

loss of $200.00 or more as required by section 3(b) of the Act.

It is, therefore, ordered that this claim be dismissed and the file in this matter closed.