(No. 81-CV-0889-)

*In re* APPLICATION OF WANDA K. HAMILTON.

*Opinion filed January 6, 1983.*

MARK WEBER, for Claimant.

TYRONE C. FAHNER, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an incident that occurred on January 2, 1981. Wanda K. Hamilton, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on April 28, 1981, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Wanda K. Hamilton, age 20, was a victim of a violent crime, as defined in section 2(c) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: aggravated battery. Ill. Rev. Stat. 1979, ch. 38, par. 12—4.

2. That on January 2, 1981, the Claimant was stabbed by one of four unknown offenders during the course of an armed robbery. The incident occurred on the street at 1549 West Ogden Avenue, Chicago, Illinois. The Claimant and her husband were walking home when they were approached by four unknown offenders who demanded the couple's money. When the Claimant resisted, one of the offenders stabbed her, took the couple's money, and all four offenders fled the scene. The Claimant was taken to University of Illinois Hospital for treatment of her injuries.

3. That the Claimant seeks compensation for medical/hospital expenses and for loss of earnings.

4. That the Claimant incurred medical/hospital expenses in the amount of $9,781.05, none of which was paid by insurance, leaving a balance of $9,781.05. At the time of the incident, the Claimant was entitled to medical assistance through the Illinois Department of Public Aid, under case identification No. 7-200-K18805; however, the Claimant neglected to inform her medical providers of this fact. The University of Illinois Hospital subsequently applied for public aid medical assistance on behalf of the Claimant on January 8, 1981, and the Claimant was denied on February 9, 1981, due to her failure to keep an appointment necessary to determine her eligibility.

One of the Claimant's medical bills was covered by public aid after the medical provider billed its charges to the Illinois Department of Public Aid. This bill was covered in the amount of $363.00, leaving the Claimant responsible for $9,418.05.

5. That pursuant to section 10.1(g) (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(g)), compensation under this Act is a secondary source of compensation, and the applicant must show that she has exhausted the benefits reasonably available under governmental or health insurance programs, including the State public aid program.

6. That the Claimant has failed to exhaust other remedies and sources of recovery available to her, in that she failed to inform her medical providers that she was a public aid recipient. Therefore in accordance with section 10.1(g) of the Act, the Claimant's failure to exhaust the remedies available to her through the Illinois Department of Public Aid must result in the dismissal of that portion of her claim.

7. That the Claimant was employed by Rival Manufacturing Company and Szabo Foods prior to the injury and her average monthly earnings were $232.23. Claimant was disabled and unable to work from January 5, 1981, to February 5, 1981, a period of one month and two working days.

8. That section 2(b) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(h)) states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less.

9. That based on $232.23 per month, the maximum compensation for loss of earnings for one month and two working days is $253.35.

10. That pursuant to section 10.1(e) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e)), this Court must deduct $200.00 from all claims (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

11. That the Claimant has not received any reimbursements that can be counted as applicable deductions.

12. That the Claimant is entitled to an award based on the following:

| Compensable loss of earnings | $253.35 |
| Less $200.00 deductible | -200.00 |
| Total | $ 53.35 |

It is hereby ordered that the sum of $53.35 (fifty-three dollars and thirty-five cents) be and is hereby awarded to Wanda K. Hamilton, an innocent victim of a violent crime.

It is further ordered that the claim for compensation for medical/hospital expenses of the Claimant be and is hereby denied.