(No. 88-CV-0070—■■■■■

*In re* APPLICATION OF HELEN L. GEORGE

*Order filed August 19, 1988.*
*Order filed March 4, 1993.*

HELEN L. GEORGE, *pro se*, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES A. TYSON, JR., and JAMES MAHER III, Assistant Attorneys General, of counsel), for Respondent.

ORDER

POCH, J.

This claim arises out of an incident that occurred on June 23, 1985. Helen L. George, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on July 17, 1987, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the Claimant, Helen L. George, age 26, was a victim of a violent crime as defined in section 72(c) of the Act, to wit, battery (Ill. Rev. Stat. 1979, ch. 38, par. 12—3).

2. That on June 23, 1985, the Claimant was injured when the alleged offender pushed over the lifeguard's chair in which she was sitting. The incident occurred at a beach located near 1600 North Lake Shore Drive, Chicago, Illinois. Police investigation revealed that while the victim and a companion were sitting in the lifeguard's chair, the alleged offender pushed it over for no apparent reason, causing the Claimant to injure her back. The Claimant was transported to Augustana Hospital for treatment of her injuries. The alleged offender was apprehended and charged with battery. However, he later failed to appear in court and there is currently an outstanding warrant for his arrest.

3. That the Claimant seeks compensation for medical/hospital expenses and loss of earnings.

4. That section 72(h) of the Act states that loss of earnings shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750 per month, whichever is less.

5. That the Claimant has not submitted sufficient documentation to substantiate the amount of her net earnings for the six months immediately preceding the date of her injury. Therefore, the Claimant is not eligible for compensation for loss of earnings under the Act.

6. That the Claimant submitted medical/hospital bills in the amount of $1,995.93, none of which was paid by insurance, leaving a balance of $1,995.93. To date, the Claimant has paid $60 towards this balance.

7. That pursuant to section 80.1(e) of the Act, this Court must deduct $200 from all claims (except in the case of an applicant 65 years of age or older), and the

amount of benefits, payments or awards payable under the Workers' Compensation Act, Dramshop Act, Federal Medicare, State Public Aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits, health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000 of life insurance that would inure to the benefit of the applicant.

8. That section 80.1(g) of the Act states that compensation under this Act is a secondary source of compensation and the applicant must show that she has exhausted the benefits reasonably available under governmental or medical or health insurance programs, including, but not limited to Workers' Compensation, the Federal Medicare program, the State Public Aid program, Social Security Administration burial benefits, Veterans Administration burial benefits and health insurance.

9. That the Claimant filed an application for medical assistance with the Illinois Department of Public Aid on June 26, 1985. This application was denied on July 29, 1985, due to the Claimant's failure to keep appointments with the Department of Public Aid. Therefore, her eligibility for assistance could not be determined and the application was denied. On September 26, 1985, the Claimant filed a written notice with the Department of Public Aid appealing the denial of her medical assistance application. On November 25, 1985, the Department of Public Aid reaffirmed its initial decision in denying the Claimant's application for medical assistance.

10. That by reason of the Claimant's failure to exhaust the remedies reasonably available to her through

public aid, the Claimant has not met a required condition precedent for compensation for medical/hospital expenses under the Act.

11. That this claim does not meet required conditions precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby, denied.

## ORDER

PATCHETT, J.

On June 23, 1985, the Claimant was injured when an alleged offender pushed over the lifeguard's chair in which she was sitting. The incident occurred at a beach located near 1600 North Lake Shore Drive, Chicago, Illinois. A police investigation revealed that while the victim and a companion were sitting in the lifeguard's chair, the alleged offender pushed it over for no apparent reason, causing the Claimant to injure her back. The Claimant was transported to Augustana Hospital for treatment of her injuries. The offender failed to appear in court and there is currently an outstanding warrant for his arrest.

On July 17, 1987, the Claimant filed a claim under the Crime Victims Compensation Act seeking medical and hospital expenses and loss of earnings.

On August 19, 1988, the Court denied the claim citing the fact that the Claimant did not exhaust the benefits reasonably available under governmental or medical or health insurance programs, including, but not limited to, Workers' Compensation, the Federal Medicare program, the State Public Aid program, Social Security Administration program, Veterans Administration and health insurance.

The Claimant did file an application for medical assistance with the Illinois Department of Public Aid on June 26, 1985. This application was denied on July 29, 1985, due to the Claimant's failure to keep appointments with the Department of Public Aid. The Department was unable to determine her eligibility for assistance and the application was denied. On September 26, 1985, the Claimant filed a written notice with the Department of Public Aid appealing the denial of her medical assistance application.

On November 25, 1985, a hearing was held by the Department of Public Aid. The Claimant appeared at the hearing, with counsel, and testified that she did make application for benefits to the Department and was refused for failure to attend an interview for which she said she did not receive notice. Following the hearing, the Department of Public Aid reaffirmed its initial decision in denying the Claimant's application for medical assistance.

On August 29, 1988, the Claimant requested an opportunity to appeal the Court of Claims decision. On July 20, 1990, a hearing was held before Commissioner Michael E. Fryzel.

At the hearing, the Claimant did not provide any testimony or evidence showing additional attempts to secure public aid or any other type of available benefits. The claim still does not meet required conditions precedent for compensation under the Act by reason of the Claimant's failure to exhaust the remedies available to her. See *In re Application of Goff* (1986, 1989), 41 Ill. Ct. Cl. 320; *In re Application of Hamilton* (1983), 35 Ill. Ct. Cl. 1023; *In re Application of Dickey* (1981), 35 Ill. Ct. Cl. 514.

The Court has not been presented with any evidence

to cause alteration of the previous order. It is hereby ordered that the decision of August 19, 1988, is affirmed and that the claim is denied.