(No. 78-CV-0386–

*In re* APPLICATION OF WAYMAN D. VAUGHN.

*Opinion filed July 13, 1981.*

WAYMAN D. VAUGHN, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an alleged criminal offense which occurred on or about March 12, 1978, at or near 301 N. Mason, Chicago, Illinois, resulting in injury to the Claimant, Wayman D. Vaughn. The Claimant seeks compensation pursuant to the applicable provisions of the Crime Victims Compensation Act, hereinafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

·This claim was originally filed on June 13, 1978. Based upon the investigatory report of the Attorney General and other documentary evidence the claim was denied on July 25, 1979, due to the Claimant's failure to cooperate with law enforcement officials in the appre-

hension and prosecution of the assailant. The Claimant filed his objection to said opinion and requested a full hearing on the merits of the claim.

An evidentiary hearing was held before Commissioner A.T. Walsh on November 24, 1980. As a result of the hearing the following facts were established by a preponderance of the competent and credible evidence:

The Claimant stated he was going home from work on March 12, 1978, at approximately 2:00 a.m. when a woman stopped to talk to him and then a man stepped out of a doorway and placed a gun in his back. The man and woman took the Claimant across the street into a building and demanded his money. He responded that he only had $3.00. The man then shot the Claimant.

The Claimant stated the man and woman dragged him from the building to a garage where he resisted. He called for help. Police took him to West Suburban Hospital where he said he didn't know the identity of his assailants. He also was called at home by police and asked the identity of his assailants. Upon cross-examination the Claimant conceded he had consumed about 10 drinks before leaving a tavern. He was accompanied by a young woman whom he did not identify. He also conceded that before he was shot he was forced to take all his clothes off.

The following amounts were submitted by the Claimant and not contested by the State as to various medical expenses:

| | | |
|---|---|---|
| West Suburban Hospital | | $2296.50 |
| Westgate Orthopaedics | | 465.00 |
| Village Radiology | | 104.00 |
| Dr. Rao | | 550.00 |
| | Total | $3415.50 |
| Less Paid by Insurance | | 195.00 |
| | | 3220.50 |

The Claimant also testified that he lost eight weeks of work at $150.00 per week for a loss of $1200.00 in loss of income.

The State called Officer Edward Thun of the Chicago Police Department, who investigated the shooting of the Claimant. Officer Thun interviewed the Claimant on a number of occasions and was told at least three different versions of the shootings. The officer believed that the Claimant knew his assailants and had removed his clothes after an agreement to have sexual intercourse with the woman who was a prostitute. On another occasion the Claimant told Officer Thun he did not want to prosecute.

A careful review of the testimony leaves much doubt as to what really happened to the Claimant and whether he was telling a credible story about being shot during an attempted robbery. The evidence is unclear and the Claimant has not proved by a preponderance of the evidence that he is entitled to an award as the innocent victim of a violent crime.

A prerequisite to recovery under the Act is cooperation with police in the apprehension and prosecution of the assailants. The Claimant's declination to prosecute and his refusal to cooperate is a bar to his recovery under the Act.

The order of the Court of July 25, 1979, denying this claim is hereby affirmed. The claim of Wayman D. Vaughn is denied.