(No. 83-CV-0089)

*In re* APPLICATION OF GARY C. FORD.

*Order filed January 11, 1984.*
*Order on denial of rehearing filed January 24, 1985.*

GARY C. FORD, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (FAITH S. SALSBURG, Assistant Attorney General, of counsel), for Respondent.

ROE, J.

This claim arises out of an incident that occurred on

September 23, 1981. Gary C. Ford, Claimant, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1979, ch. 70, par. 71 *et seq*.

This Court has carefully considered the application for benefits submitted on July 27, 1982, on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on September 23, 1981, the Claimant was shot by an offender who was known to him. The incident allegedly occurred on the street at 1733 East 75th Street, Chicago, Illinois. The Claimant originally reported to police that the incident had occurred within his automobile and that a struggle for the weapon took place after which the offender exited the vehicle. The Claimant later stated that the struggle for the weapon continued on the street outside his automobile. A search of the Claimant's automobile revealed no evidence of blood or of bullet damage to the vehicle despite the fact that three bullets struck and then exited the Claimant. The police were unable to find any evidence of a crime occurring at the scene. The Claimant identified the offender as an acquaintance whose address was unknown. During later questioning he identified another man as the offender and provided the police with the offender's address. However, the Claimant refused to prosecute this individual.

2. That sections 6.1(c) and (d) of the Act state that a person is entitled to compensation under the Act if the appropriate law enforcement officials were notified of the perpetration of the crime and the applicant has

cooperated fully with law enforcement officials in the apprehension and prosecution of the assailant.

3. That it appears from the police report that the Claimant declined to cooperate fully with law enforcement officials in the apprehension of the assailant, in that he made conflicting statements to police investigating regarding the circumstances surrounding the incident and refused to prosecute the assailant whom he identified.

4. That by reason of the Claimant's refusal to fully cooperate with law enforcement officials in the apprehension and prosecution of the assailant as required by the Act he is not eligible for compensation thereunder.

It is hereby ordered that this claim be, and is hereby denied.

## ORDER ON DENIAL OF REHEARING

HOLDERMAN, J.

On February 14, 1984, Claimant filed a petition for rehearing of the Court's order of January 11, 1984, wherein the Court denied Claimant an award. Subsequent to the order denying award, the commissioner set a rehearing for November 13, 1984. Claimant was advised of the rehearing but failed to appear.

It appearing to the Court that Claimant has failed to cooperate in the procedures of this cause, the petition for rehearing is denied and the Court's original order denying Claimant an award is hereby affirmed.