(No. 88-CV-0894- )

*In re* APPLICATION OF DAVID P. NORBY

*Order filed November 6, 1989.*
*Opinion filed October 24, 1991.*
*Order filed December 9, 1993.*

CHRIS CUETO and GREGORY M. SKINNER, for Claimant.

NEIL F. HARTIGAN and ROLAND W. BURRIS, Attorneys General (JAMES MAHER, AGATHER MCKEEL, and PAUL H. CHO, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

MONTANA, C.J.

Chief Justice Montana delivered the opinion for the Court.

This is a claim for compensation filed pursuant to

the Crime Victims Compensation Act, Ill. Rev. Stat. (1989), ch. 70, par. 71, *et seq.* (hereinafter referred to as the Act). This Court has exclusive jurisdiction to hear and determine this matter pursuant to section 8 of the Court of Claims Act. Ill. Rev. Stat. 1989, ch. 37, par. 439.8(g).

For all practicable purposes, this case is undisputed. The facts show that the applicant, David B. Norby, on May 17, 1987, while driving home from a friend's house, struck a parked Toyota automobile. The Toyota thereupon rolled backwards striking a 1984 Porsche sportscar. Norby testified that his car strayed when he took his eyes off the road to adjust a radio, thereby causing said accident.

Although the owner of the Porsche was not present, a Mr. Miles, charged with taking care of said car, appeared immediately after the accident. Norby testified that he apologized for hitting the car and assured Mr. Miles that his insurance would cover the cost of repair. This apparently did not satisfy Mr. Miles as he struck Norby several times in the face. The applicant at no time made any threatening gestures towards Mr. Miles, nor did he say anything to provoke such actions. As a result of Mr. Miles beating him, Norby received facial injuries resulting in some $12,652.17 worth of medical bills.

The police arrived shortly after the "fight" and issued claimant a ticket for illegal lane usage. Although not charged immediately, a warrant was finally issued for Mr. Miles' arrest (after applicant secured a witness to the event and formally filed a complaint).

Norby filed his request for compensation (under the Crime Victims Compensation Act, hereinafter referred to as the Act) on April 22, 1988. An investigatory report was subsequently submitted by the Attorney General suggesting the application be denied. The reason submitted for

this refusal was that the applicant failed to fully cooperate with the law enforcement officials as required by section 6.1 of the Act. This Court thereafter ordered, without a hearing, that Norby's application be denied based upon said Attorney General's report. Norby thereupon timely filed a request for a hearing to review said order pursuant to section 13.1(a)(3) of the Act.

After receiving additional evidence and reviewing the record in its entirety, it is determined that Norby's application was wrongfully denied. Although the Attorney General is correct when it says a victim should not be granted compensation if he fails to cooperate with law enforcement officials (see *In re Application of Gary C. Ford* (1985), 37 Ill. Ct. Cl. 443), there is just no evidence of such a failure in this case. Applicant testified that on no less than five occasions he contacted the Circuit Clerk's office to try and find out when he was needed to testify against Mr. Miles. Each time he was told that Mr. Miles' hearing had not yet been set. At no time was applicant contacted in follow-up of this case. Apparently, the charges against Mr. Miles were finally dismissed, most probably due to failure to prosecute. This does not, however, appear to be the applicant's fault as the evidence indicates he was ready, willing, and able to cooperate with the law enforcement officials at all times. The State of Illinois has not disputed any of these facts.

All that remains, therefore, is to determine the compensable losses. The record is inconclusive on this issue. Norby testified to having incurred approximately $12,000 in medical bills and to having paid a portion of those bills. It is the Court's policy to award reimbursement to applicants directly for compensable expenses which they have paid and to make awards co-payable to applicants and medical providers for outstanding bills. We cannot make

such a determination based on the record before us. Applicant also seeks compensation for lost earnings. The record is insufficient for us to make a determination on that issue too.

It is hereby ordered that this matter is referred to the Office of the Attorney General for investigation and report on the compensation due the applicant as a result of the crime.

## ORDER

BURKE, J.

This cause being heard upon the Court's own motion, it is hereby found that:

The parties have entered into a stipulation whereby the Attorney General's Office recommends that the sum of $4,443.05 be paid to Claimant, David P. Norby, the innocent victim of a violent crime.

Wherefore, it is hereby ordered that the sum of $4,443.05 be paid to David P. Norby, for paid medical/hospital expenses and lost earnings suffered as a result of the incident.

This case is hereby closed.