(No. 94-CV-1064— <span style="background:black">■■■■■■</span>

DARTALLION ALLEN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 15, 1995.*

DARTALLION ALLEN, *pro se*, for Claimant.

JIM RYAN, Attorney General (WENDELL DEREK HAYES, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

This claim is before the Court on an application for compensation filed by Dartallion Allen under the provisions of the Crime Victims Compensation Act, hereafter referred to as the "Act." (740 ILCS 45/1 *et seq.*) The Claimant filed an application alleging he was entitled to compensation because he had been shot in the right leg on August 19, 1993.

An order was entered by this Court on May 11, 1994, denying the claim based on the investigatory report of the Attorney General's office. The reason for denial was that the report indicated the Claimant refused to co-operate with law enforcement officials in the apprehension and prosecution of the assailant as required by section 45/6.1(c) of the Act. The Claimant made a timely request for a hearing pursuant to section 45/13.1 of the Act. A hearing was held before Commissioner Clark on December 8, 1994. The evidence consists of the Claimant's testimony, bills submitted by the Claimant documenting expenses incurred for medical treatment, and employers' reports for calculating lost wages.

The Claimant testified that he was walking near the home of his girlfriend at 6706 Forest Boulevard, Washington Park, Illinois, when he felt something hit his leg. Moments later he noticed blood dripping down his leg and summoned help at his girlfriend's home. His girlfriend's daughter took him to his mother's home. His family took him to St. Mary's Hospital in East St. Louis, Illinois, where he was treated for a gunshot wound. The Claimant initially told officers with the St. Clair County Sheriff's Department that he did not see his assailant. The Claimant stated that the officers searched his home looking for the pistol with which he was shot.

The Claimant's condition worsened and he went to Touchette Regional Hospital in Centreville, Illinois, where the bullet was removed. While at the hospital, an officer with the sheriff's department questioned Claimant again. Claimant alleges that the officer harassed him and would not accept his answer that he did not see his assailant. To appease the officer, Claimant then told the officer that while he was standing at a bus stop, two white men jumped out of some bushes, robbed him and shot him.

Claimant submitted bills from St. Mary's Hospital totaling $1,598.64; from Dugan and Carls, Radiologists, Ltd., totaling $72; and from Touchette Regional Hospital totaling $987. The Claimant also submitted employee reports prepared from three employers. Only one report showed earnings prior to the date of the shooting and this was only for the two months prior to the date of the shooting. The other two reports recorded earnings following the date of the shooting. Based on the report that most accurately complies with the instructions on the form, the Claimant's net average monthly income would have been $404.03. The Claimant's physician allowed him to return to work on September 27, 1993. Thus, he was unable to work for about one month.

Section 6.1(c) of the Act states that in order to receive compensation, a Claimant must cooperate fully with law enforcement officials in the apprehension and prosecution of the assailant. This Court has previously held that Claimants who give law enforcement officials different versions of the incidents giving rise to their injuries have failed to cooperate fully with law enforcement and are ineligible for compensation. (*In re Application of Vaughn* (1981), 35 Ill. Ct. Cl. 517; *In re Application of Ford* (1984), 37 Ill. Ct. Cl. 443.) The differing versions proclaimed by Claimant raise serious doubts about his credibility.

No matter what the Claimant's reasons, he failed to fully cooperate with law enforcement officials by telling a different version of his story, thus hampering any investigation into the shooting.

Because the Claimant failed to fully cooperate with law enforcement officials, he has failed to meet all required conditions for an award under the Act. For the foregoing reasons, the Claimant's claim is denied.